UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 11-10152-RGS

UNITED STATES OF AMERICA

v.

MARK LEPAGE

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO WITHDRAW
HIS PLEA OF GUILTY

June 27, 2014

STEARNS, D.J.

On January 26, 2014, defendant Mark Lepage tendered a plea of guilty before the court pursuant to the binding provisions of Fed. R. Crim. P. 11(c)(1)(c). After an extended colloquy, the court accepted the plea noting that, as is customary, it would reserve acceptance of the plea agreement until after having had the opportunity to review the completed Presentence Report.[1] Sentencing was scheduled for April 3, 2014.

After a continuation of the sentencing hearing, on May 28, 2014, defendant filed a motion to withdraw his guilty plea. While conceding that the right to do so is not automatic," but must be based on "a fair and just reason,"

---

[1] Under Rule 11(c)(1)(c), the court is limited to accepting or rejecting the agreed joint sentencing recommendation. At the plea colloquy, the court indicated that from "what it had heard," the sentence recommendation seemed "a fair one."

Fed. R. Crim. P. 11(d)(2), defendant purports to identify such a reason in his reassessment of the strength of the government's case against him – purported impeachment material involving two witnesses that was disclosed by the government subsequent to the plea.[2]

On June 6, 2014, the government filed a *pro forma* response, stating that while "compelling arguments may be made in opposition to Defendant's motion, in the unique circumstance of this case," it did not oppose the motion to withdraw the plea. Unclear about what was either "unique" or "compelling"about the case, the court ordered the government to file an explanation of its position. The government did so on June 23, 2014.

After reviewing the government's more thoughtful response, the court will deny the motion to withdraw the plea. As an initial matter, as the government notes, it was under no obligation to produce evidence potentially impeaching its witnesses prior to entering a plea agreement with the defendant. *See United States v. Ruiz*, 536 U.S. 622, 623 (2002). Of greater significance to the court is the fact that the defendant, while under oath, fully acknowledged his guilt as charged. At no point during the colloquy, did defendant hesitate or make any claim of actual innocence (nor does he now in his affidavit). At the conclusion

---

[2] Specifically, a bank teller witness indicated that she "might" be able to identify the robber again, while a customer witness who had identified defendant's picture in a photo array equivocated about the authenticity of his initials on defendant's picture while seeking assistance from the authorities in resolving an outstanding motor vehicle infraction. As the government points out in its subsequent response, three other witnesses had selected the defendant's photo in viewing the array, identifying him as the robber.

of the colloquy, the court specifically found that the tender of the plea was voluntary, intelligent, and made with a full understanding of the consequences of pleading guilty. As the First Circuit noted very recently in an analogous case, *United States v. Merritt*, 2014 WL 2696723 (1st Cir. June 16, 2014), where defendant similarly admitted his factual guilt at the change-of-plea hearing – "an admission from which he has never retreated" – "[t]he words 'fair and just' must mean something more than that a defendant has had second thoughts about his plight." *Id.*, at *4.

### ORDER

For the foregoing reasons, defendant's motion to withdraw his plea of guilty is <u>DENIED</u>. The Clerk will now reschedule the sentencing date.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

3